E-FILED
Monday, 27 April, 2026 01:47:34 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BRIDGETTE HART, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-3096 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff Bridgette Hart, proceeding *pro se* and currently incarcerated at Logan Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of her Eighth Amendment rights. (Doc. 12). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against the Illinois Department of Corrections ("IDOC"), Logan Correctional Center ("Logan"), and Unknown Medical Staff. Plaintiff did not name the Medical Director of IDOC as a Defendant in her Amended Complaint. Therefore, the Medical Director of IDOC is dismissed without prejudice.

1

Plaintiff has been incarcerated at Logan since October 9, 2025. Plaintiff states she is approximately thirty weeks pregnant and has not received adequate prenatal care. A urine analysis was performed on October 9, 2025, and March 13, 2026. An ultrasound was performed on January 6, 2026.

Plaintiff alleges she has not received adequate prenatal care, including ultrasounds and proper monitoring, despite her pregnancy being identified as "very high risk." (Doc. 12 at p. 5). Plaintiff alleges she submitted requests for prenatal care, but her requests were denied and considered non-emergent. Plaintiff states the lack of prenatal care places her and her unborn child at serious risk of harm.

Plaintiff requests monetary damages and injunctive relief in the form of a temporary restraining order requiring immediate and adequate prenatal care and a transfer to a more suitable correctional facility, early release, or home confinement.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that her medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that Plaintiff's allegations are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Unknown Medical Staff based on the alleged denial of proper prenatal care for Plaintiff's high-risk pregnancy. *See Est. of Unborn Child of Jawson v. Milwaukee Cnty.,* No. 19-C-1008, 2020 WL 4815809, at *3 (E.D. Wis. Aug. 19, 2020); *Est. of Swayzer v. Milwaukee Cnty.,* No. 16-CV-1703-BHL, 2022 WL 656884, at *11 (E.D. Wis. Mar. 4, 2022); *Doe v. Gustavus*, 294 F. Supp. 2d 1003, 1008 (E.D. Wis. 2003).

Although Plaintiff does not allege any specific involvement by the warden of Logan Correctional Center, the warden is a proper defendant since Plaintiff seeks injunctive relief. *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (naming warden, in his official capacity, as a defendant based on plaintiff's request for injunctive relief). "If [Plaintiff] was seeking only damages, the warden's lack of personal involvement would be conclusive, but since [Plaintiff] also seeks injunctive relief it is irrelevant whether the warden participated in the alleged violations." *Id.* (internal citations omitted). Warden Melinda Eddy will be added as a Defendant in her official capacity.

The Unknown Medical Staff (John/Jane Doe Defendants) cannot be served. Therefore, Defendant Eddy, in her official capacity as warden, will assist Plaintiff with identifying the Doe Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the

expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Defendant Eddy aimed solely at identifying the Doe Defendants. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants and file a motion to substitute their real names. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

Plaintiff named the IDOC and Logan as Defendants, but the IDOC and Logan are not "persons" amenable to suit under § 1983 and have Eleventh Amendment immunity in a suit for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Defendants IDOC and Logan are dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment deliberate indifference claim against Defendants Unknown Medical Staff and Melinda Eddy (in her official capacity). Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      The Clerk is directed to ADD Unknown Medical Staff and Melinda Eddy (Warden of Logan Correctional Center) as Defendants.

3)      Defendant Medical Director of IDOC is DISMISSED WITHOUT PREJUDICE. Defendant Illinois Department of Corrections and Logan Correctional Center are DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE Illinois Department of Corrections and Medical Director of IDOC.

4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant Melinda Eddy before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5)      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)      Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for

effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)    This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)    Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

10)    Plaintiff shall immediately inform the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)    Plaintiff shall be provided with a copy of all pertinent medical records upon request.

12)    Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)    The Clerk is directed to set an internal court deadline 60 days from the entry of this

Order for the Court to check on the status of service and enter scheduling deadlines.


ENTERED:  4/27/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge